## LIABILITY OF PROMOTER FOR WORTHLESS STOCK SOLD.

[Circuit Court of Summit County.]

ANSON H. RUSSELL v. JOHN A. WEILER.

Decided, September 30, 1905.

*Promoters—Representations by—And by Agents of—Evidence as to— Admissibility of—Charge of Court—Failure to Define the Issues— Fraudulent Representations.*

1. Circulars and letters sent out by a promoter are admissible in evidence in an action to recover for worthless stock sold, in so far as knowledge is thereby disclosed on the part of the promoter that the representations made by himself and his agents were false, but such letters and representations, however fraudulent, are not admissible where they relate solely to some other enterprise than the one in which the plaintiff purchased an interest.

2. Failure by the court in its charge to the jury to concretely define the issues left in the case for their consideration, particularly in a case having a foundation so elusive in its nature as fraud, constitutes reversible error.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

Error to the court of common pleas.

The defendant in error brought action and recovered judgment against the plaintiff in error for $120 paid for worthless stock in an oil company promoted by the latter, alleging that said stock had been bought on the faith of the promoter's fraudulent representations. The representation specially relied on was that said company had 2,000 acres in the Lima district under lease whereon there were five producing oil wells, whereas the contrary was the fact. Russell contends that he personally made no such representation of fact, and it is perhaps true that he did not. The facts appear to have been that the leases referred to were owned by other parties, and Russell held options for the purchase thereof from the lessees, which he afterwards allowed to lapse because surrounding developments proved discouraging. That is his evidence. But he spoke loosely of these leases in such a manner that his agent, Hess, in Cincinnati, understood and represented to his customers, including Weiler, that his company owned the leases and wells in question. Rus-

sell, being bound by his agent's representations, must, there-
fore, be held to have actually so represented. The circular
which he issued, of itself, hardly goes to that length; but that,
together with other writings of like import, addressed by Russell
to Weiler's wife and to other persons, about the time that Weiler
purchased stock, were properly admitted in evidence, solely as
bearing upon the question whether Russell knew that the repre-
sentations made were false (*U. S. Life Ins. Co.* v. *Wright,* 33
O. S. 533). Other letters afterwards written by Russell to
third parties were admissible to the extent that, being admis-
sions or declarations, they tended to show the falsity of the
representations previously made to Weiler.

The conclusion of witness Buckner concerning the results
of his investigation of the company's ownership of oil leases in
West Virginia (bill of exceptions, p. 25) was, we think, errone-
ously admitted, as also was the plaintiff in error's newspaper
advertisement of stock for sale in another company which he
promoted (bill of exceptions, 185).

The charge of the court is complained of, among other reasons,
because it failed correctly to define the issues left in the case for
the jury's consideration. The charges of fraud contained in the
petition were numerous and diffuse; the evidence was, much of
it, only broadly applicable to the issues; and the right of action,
being founded on fraud, which is itself elusive in its nature,
made it peculiarly necessary for the court to define the issues
precisely and concretely. What he did was merely to read the
pleadings to the jury and leave them not only to define the
issues, but also to apply thereto the rules of law laid down as
best they might. What he should have done was to limit the
issue to be determined by the jury to the Lima leases and wells,
and charge the law of fraudulent representation as applied to
that precise point. In the case of *Baltimore & Ohio Railroad*
v. *Lockwood,* 3 O. L. R., 118; 72 O. S., —), the first paragraph
of the syllabus is as follows:

"In submitting a case to the jury, it is the duty of the court
to separate and definitely state to the jury, the issues of fact
made in the pleadings, accompanied by such instructions as to
each issue as the nature of the case may require; and it is also
the duty of the court to distinguish between, and call the atten-

tion of the jury to, the material allegations of fact which are admitted and those which are denied. It is error to read the pleadings to the jury and then say to the jury that these constitute the pleadings in the case, which make up the issue and from which they will try and determine the controversy between the parties, and not otherwise to define the specific issues.''

There is complaint of the conduct of counsel for the prevailing party in this case, and in a number of places in the long record there are instances of conduct that, perhaps, technically is not above criticism, but we reverse the judgment below only for error in the admission of evidence and error in the charge of the court, as above pointed out.

*Rogers, Rowley & Rockwell,* for plaintiff in error.

*Musser, Kohler & Mottinger,* for defendant in error.